UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARELL MARTIN WEATHERS,<br><br>Plaintiff,<br><br>v.<br><br>DAVID McDONALD, et al.,<br><br>Defendants. | No. 2:23-cv-0133 DB P<br><br><br><br>ORDER |

Plaintiff is incarcerated at the Sacramento County Jail.[1] He is proceeding pro se with an action under 42 U.S.C. §1983. Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and dismisses the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). By separate order, the court will direct

---

[1] While plaintiff does not explain his incarcerated status, it appears from the Sacramento County Sheriff's website that plaintiff is being held as a pretrial detainee.

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Plaintiff's Allegations**

Plaintiff challenges conduct that occurred in January 2021, prior to his current detention. Plaintiff names the following defendants: Police Officer David McDonald, Police Officer Michael Bowman, and the Sacramento Police Department.

Plaintiff alleges the following. On January 26, 2021, defendants McDonald and Bowman initiated a traffic stop. Defendants told plaintiff they were doing so because plaintiff's car had tinted windows. Plaintiff told defendants he was not on probation or parole. Nonetheless, they searched his car and had it towed. After plaintiff paid to have his car returned, defendants McDonald and Bowman stopped him again. They again told plaintiff the stop was based on plaintiff's tinted windows and again searched plaintiff's car. While plaintiff states that property was taken from him at both stops, he does not explain what was taken at the second stop.

Plaintiff claims that as a result of defendants' actions, he suffered emotional and mental distress. He seeks $1 million in damages.

3

**B.  Does Plaintiff State Claims for Relief?**

Plaintiff identifies the Fourth and Fourteenth Amendments as the bases for his claims. However, it is not entirely clear just what conduct plaintiff challenges.  Below this court considers several possible claims.  This court will dismiss the complaint and give plaintiff the opportunity to file an amended complaint.

**1. Potential Fourth Amendment Claims**

**a.  The Traffic Stop**

The Fourth Amendment prohibits unreasonable searches and seizures.  U.S. Const. amend. IV. "The law is settled that in Fourth Amendment terms a traffic stop entails a seizure of the driver." Brendlin v. California, 551 U.S. 249, 255 (2007).  An officer must have "reasonable suspicion" of criminal activity to initiate a traffic stop without violating the Fourth Amendment. United States v. Lopez-Soto, 205 F.3d 1101, 1104 (9th Cir. 2000) (finding the standard is lower than "probable cause" and analogous to the one set forth in Terry v. Ohio, 392 U.S. 1 (1968)). "Reasonable suspicion supported by articulable facts that criminal activity 'may be afoot' will sustain an investigative stop." Haynie v. County of Los Angeles, 339 F.3d 1071, 1075 (9th Cir. 2003) (citing United States v. Sokolow, 490 U.S. 1 (1989)).  Courts looks to the totality of the circumstances to "see whether the officer had a 'particularized and objective basis for suspecting criminal activity." United States v. Colin, 314 F.3d 439, 442 (9th Cir. 2002).

Plaintiff states that officers told him they were stopping the car because it had tinted windows.  State law prohibits driving with illegally tinted windows. Cal. Veh. Code §26708. Plaintiff does not contend that his car does not have tinted windows or that officers did not have a reasonable basis to stop him.  If plaintiff is challenging the traffic stop, he fails to state a claim for relief.

**b.  Ordering Plaintiff to Exit the Vehicle**

Plaintiff also fails to state a claim that his Fourth Amendment rights were violated when he was ordered to exit his vehicle.  Where an officer has already lawfully detained the driver, the de minimis intrusion of having the driver step out of the vehicle does not violate the driver's Fourth Amendment rights. Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977).

### c. Searching the Vehicle

Warrantless vehicle searches are presumptively unreasonable unless the search falls within an exception to the warrant requirement. United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001). Exceptions to the warrant requirement include: (1) seizure of an item in plain view, United States v. Bulacan, 156 F.3d 963, 968 (9th Cir. 1998); (2) a search based on an officer's reasonable belief that the suspect may gain immediate control of a weapon, Michigan v. Long, 463 U.S. 1032, 1049 (1983); (3) a search conducted with consent, Schneckloth v. Bustamonte, 412 U.S. 218, 228 (1973); and (4) a search based on probable cause to believe the car contains contraband or other evidence of criminal activity, United States v. Ross, 456 U.S. 798, 820-21 (1982).

Plaintiff states only that he told officers he was not on probation or parole before they searched the vehicle. He does not explain what, if anything, the officers told him about their reasons for the search or whether they had a warrant to search the car. This court requires more information to determine whether plaintiff can state a Fourth Amendment claim regarding the search of his vehicle.

### d. Towing the Vehicle

"The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment," and therefore the burden is on the government to demonstrate that a warrantless seizure falls under one of the "few specifically established exceptions to the warrant requirement." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005) (internal quotation marks omitted). Depending on its duration, a warrantless seizure may be excused upon balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." United States v. Place, 462 U.S. 696, 703, 707-09 (1983) (holding that an initially lawful seizure of luggage became unreasonable when policed waited 90 minutes to obtain a warrant); see also Sandoval v. Cty. of Sonoma, 72 F. Supp. 3d 997, 1009 (N.D. Cal. 2014) (applying the Place balancing test to "determine whether a prolonged warrantless seizure was reasonable").

////

Again, this court requires more information to determine whether plaintiff can state a claim based on the towing of his vehicle. Plaintiff must explain the facts he knows regarding the towing, such as the reason the vehicle was towed and whether or not the officers had a warrant to do so.

### 2. Potential Fourteenth Amendment Claim

Plaintiff identifies "excessive force" as the basis for his Fourteenth Amendment claim. However, the Fourth Amendment is the exclusive source of constitutional protection against excessive force in the course of arrests, investigatory stops, and other seizures; thus, such action cannot support a due process claim. Graham v. Connor, 490 U.S. 386, 395 (1989). Plaintiff's claim of unconstitutional excessive force will be construed as a claim under the Fourth Amendment. The question under the Fourth Amendment is "whether the force used to effect a particular seizure is reasonable." Id.

Reviewing plaintiff's complaint, this court is unable to discern any conduct by the officers that might constitute "force." If plaintiff feels he has an excessive force claim, he must provide additional facts to support that claim.

### 3. Potential Claim against Police Department

Plaintiff's complaint fails to state a claim against the Sacramento Police Department. The fact that defendants Britton and Bartlett are employees of the Police Department is not sufficient to establish the department's liability. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, the liability of the department must be based upon the officers' enforcement of a policy or custom. Therefore, in order for liability to attach to the department, four conditions must be satisfied: "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

"Proof of random acts or isolated events" does not fit within Monell's meaning of custom. Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled on other

1  grounds, Bull v. City & Cnty. of San Francisco, 595 F.3d 964 (9th Cir. 2010).  Indeed, "[o]nly if

2  a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability

3  attach for injury resulting from a local government custom." Id. (quoting City of St. Louis v.

4  Praprotnik, 485 U.S. 112, 127 (1988)).

5  It is well settled in the Ninth Circuit that a plaintiff generally cannot establish a de facto

6  policy with a single constitutional violation.  See, e.g., Christie v. Iopa, 176 F.3d 1231, 1235 (9th

7  Cir. 1999).  Instead, a plaintiff's theory must be founded upon practices of "sufficient duration,

8  frequency and consistency that the conduct has become a traditional method of carrying out

9  policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); see also McDade v. West, 223 F.3d

10  1135 (9th Cir. 2000).

11  Plaintiff does not allege that the Police Department had any sort of policy or that

12  defendants Britton and Bartlett were acting pursuant to that policy when they violated his rights.

13  If plaintiff wishes to pursue a claim against the Police Department, he must allege facts that could

14  support a conclusion that the Police Department had such a policy.

15  **CONCLUSION**

16  Above, this court finds plaintiff fails to state any claims for relief.  Plaintiff will be given

17  an opportunity to amend the complaint.

18  In an amended complaint, plaintiff must address the problems with his complaint that are

19  explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each

20  defendant and the action that defendant took that violated plaintiff's constitutional rights.  The

21  court is not required to review exhibits or other filings to determine what plaintiff's charging

22  allegations are as to each named defendant.  Plaintiff must include ALL claims he wishes to

23  pursue in one amended complaint.  In the present order, as a one-time courtesy to plaintiff, this

24  court has reviewed all of plaintiff's filings to attempt to determine his claims.  The court is not

25  required to do so and this court will only consider the amended complaint next time.

26  Plaintiff must identify as a defendant only persons who personally participated in a

27  substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d

28  740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if

he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

Plaintiff may not bring claims against different defendants that are not related to each other.  Fed. R. Civ. P. 20(a)(2).  "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).  Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

The federal rules require a simple description of a party's claims.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).

All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: June 5, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/
DB prisoner inbox/civil rights/S/weat0133.scrn LTA