UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARELL MARTIN WEATHERS,<br><br>Plaintiff,<br><br>v.<br><br>DAVID McDONALD, et al.,<br><br>Defendants. | No. 2:23-cv-0133 DB P<br><br><br><br>ORDER |

Plaintiff is a county inmate proceeding pro se with a civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's first amended complaint ("FAC") for screening. For the reasons set forth below, this court finds plaintiff states a potentially cognizable Fourth Amendment claim regarding the searches of his car but states no other claims. Plaintiff will be given the option of proceeding now on his claim regarding the searches or amending his first amended complaint.

**BACKGROUND**

Plaintiff is incarcerated at the Sacramento County Main Jail. He filed the original complaint here in January 2023. Plaintiff alleged defendants, officers with the Sacramento Police Department, violated his Fourth Amendment rights when they stopped his car, searched it, and impounded it. On screening, this court found plaintiff failed to state any cognizable claims for
////

1

relief under § 1983.  (ECF No. 5.)  Plaintiff was given the opportunity to file an amended complaint.  He has done so.  (ECF No. 7.)

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights.  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. First Amended Complaint**

Plaintiff identifies two defendants:  Officers David McDonald and Michael Bowman of the Sacramento Police Department's Gang Unit.  Plaintiff alleges the following.  On January 26 and March 29, 2021, defendants stopped his vehicle.  Both times plaintiff was told it was due to his tinted windows.  Only the car's rear window is tinted and it does not violate California law.  After plaintiff provided defendants with his car registration and identification, they ordered plaintiff out of the car and searched it.  They gave plaintiff no reason for the search.  Plaintiff contends defendants lacked probable cause to search the car and he did not consent to it.  During the first search, defendants seized money, diabetic supplies, and cannabis.  Plaintiff does not describe what, if anything, was seized during the second search.  After both searches, defendants had plaintiff's car towed and impounded.

Plaintiff further alleges that after the first incident, he was labeled a "Black Street Gang" member despite the lack of any evidence of gang membership.

////

////

Plaintiff claims defendants' actions were motivated by his race and that they lacked a reason to stop him, search his car, or impound his car. He contends he suffered emotional distress and lost wages as a result of defendants' conduct.

**II. Does Plaintiff State Claims for Relief?**

   **A. Fourth Amendment Claims**

      **1. Traffic Stop**

An officer must have "reasonable suspicion" of criminal activity to initiate a traffic stop without violating the Fourth Amendment. United States v. Lopez-Soto, 205 F.3d 1101, 1104 (9th Cir. 2000). While plaintiff complains that his car had a factory-tinted window which did not violate the law, he recognizes that California law prohibits certain types of tinted windows. Plaintiff fails to show officers knew or should have known his tinted windows were legal when they stopped him the first time or when they stopped him the second time, two months later. Plaintiff fails to make out cognizable claims that the traffic stops violated his Fourth Amendment rights. Those claims will be dismissed with leave to amend.

      **2. Search of the Car**

Plaintiff alleges that both times he was stopped, he was ordered out of the car and, without providing a reason or having a warrant, the officers searched his car. Plaintiff states that he was not on probation, not on parole, there was no warrant out for him or his car, and he is not a gang member. Plaintiff argues that the officers had no probable cause to search his car. This court finds plaintiff's allegations are sufficient to make out a possible Fourth Amendment claim for the warrantless car searches. See United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001). Plaintiff will be permitted to proceed on this claim.

      **3. Seizure of the Car**

Plaintiff states that during the first stop, Officer McDonald "imposed questions on me and leveraged my cooperation as a means to have my vehicle towed." With respect to the second stop, plaintiff states that he was written a ticket for "something other than" tinted windows and his car was towed. Both of plaintiff's statements regarding the seizure of his car are too vague to support a claim that the seizures violated his Fourth Amendment rights. Plaintiff's description of

the first interaction indicates plaintiff may have consented to have the car towed.  Plaintiff does not explain what he was cited for during the second interaction and does not specifically allege the car seizure was improper at that time.  Plaintiff must provide more information if he wishes to proceed on a claim that officers seized his car in violation of the Fourth Amendment.

### B. Equal Protection Claim

Plaintiff alleges defendants stopped him because he is Black.  "Racial profiling can constitute a deprivation of a citizen's right to equal protection under the law." James v. City of Seattle, 2011 WL 6150567 at *13 (W.D. Wash. Dec. 12, 2011); see also Whren v. United States, 517 U.S. 806 (1996) (holding that claims asserting selective enforcement of the law based on considerations such as race are properly brought under the Equal Protection Clause).  To state a claim for racial profiling in violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (citation and quotations omitted).  When a plaintiff alleges racial profiling was the cause of a traffic stop, "allegations that there could have been no other basis for a motorist to be pulled over other than racial profiling can be sufficient to permit an inference that the motorist's Fourteenth Amendment rights were violated." Talmadge Adib Talib v. Nicholas, 2015 WL 9598821 at *6 (C.D. Cal. Dec. 4, 2015) (citing Waters v. Howard Sommers Towing, Inc., 2011 WL 2601835 at *6 (C.D. Cal. June 30, 2011)) (denying a motion to dismiss where the plaintiff alleged there was no reason other than racial profiling to justify stop).

Plaintiff appears to be contending that the officers used tinted windows as a pretext to stop him.  He states that he is aware of this "discriminatory practice" by "law enforcement officers."  Plaintiff's allegation that law enforcement officers generally engage in this sort of pretext for a traffic stop is not sufficient.  Plaintiff must allege facts showing that the defendants in his case acted with an intent to discriminate against plaintiff because he is Black.  Plaintiff's Equal Protection claim will be dismissed with leave to amend.

////

////

**C. Defamation**

Plaintiff states that defendants defamed him by falsely labelling him a "Black Street Gang" member." To bring a claim for defamation in a § 1983 action, plaintiff must meet the "stigma-plus," or "defamation-plus" standard.

"To establish a claim for defamation under Section 1983, a plaintiff must first establish defamation under state law." Flores v. City of Bakersfield, No. 1:17-cv-1393-JLT, 2019 WL 7038385, at *17 (E.D. Cal. Dec. 20, 2019) (citing Crowe v. County of San Diego, 242 F. Supp. 2d 740, 746 (S.D. Cal. 2003)). Under California law, the elements of a defamation claim are: "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Kaufman v. United Health Group Inc., 546 Fed. Appx. 691, 692 (9th Cir. 2013) (quoting Taus v. Loftus, 40 Cal. 4th 683 (2007)). To be actionable, an allegedly defamatory statement must, among other things, "contain a provably false factual connotation." Gilbrook v. City of Westminster, 177 F.3d 839, 861 (9th Cir. 1999). "Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement. Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).

In a § 1983 action, injury to reputation alone is not enough to state a claim. "The procedural due process rights of the Fourteenth Amendment apply only when there is a deprivation of a constitutionally protected liberty or property interest." WMX Techs., Inc. v. Miller ("WMX II"), 197 F.3d 367, 373 (9th Cir. 1999). The Supreme Court has made it clear that reputation alone is not an interest protected by the Constitution. Id. at 373. Absent a change in status, "any harm or injury to that interest ... inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law." Paul v. Davis, 424 U.S. 693, 712 (1976). Plaintiff must demonstrate the loss of a recognizable property or liberty interest in conjunction with the allegation that he suffered injury to reputation. Miller v. California, 355 F.3d 1172, 1179 (9th Cir. 2004). A plaintiff can meet this test by showing that "injury to reputation was inflicted in connection with a federally protected right" or that "injury to

1  reputation caused the denial of a federally protected right." Herb Hallman Chevrolet, Inc. v.

2  Nash–Holmes, 169 F.3d 636, 645 (9th Cir. 1999). This is referred to as a "defamation-plus" or

3  "stigma-plus" claim. See, e.g., Flores, 2019 WL 7038385, at *17.

4      Plaintiff has not put forth factual allegations showing any type of harm he suffered as a result

5  of being labeled a gang member. Plaintiff must show that the injury he suffered was in

6  connection with a federally protected right or that the damage caused him to be denied a federally

7  protected right.

## CONCLUSION

9      This court finds above that plaintiff has stated potentially cognizable claims that defendants

10  violated his Fourth Amendment rights when they searched his car during traffic stops in January

11  and March 2021. This court further finds that plaintiff has failed to state any other claims.

12      Plaintiff has a choice. He may proceed on his Fourth Amendment claim regarding the

13  searches or he may amend the first amended complaint to attempt to also state other claims.

14  Plaintiff is warned that in any amended complaint he must include all claims he wishes to proceed

15  on in this action.

16      If plaintiff chooses to file a second amended complaint, he must address the problems with

17  his first amended complaint that are explained above. Plaintiff is advised that in an amended

18  complaint he must clearly identify each defendant and the action that defendant took that violated

19  his constitutional rights. The court is not required to review exhibits to determine what plaintiff's

20  charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must

21  include it in the body of the complaint. The charging allegations must be set forth in the amended

22  complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff

23  need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a

24  short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

25      Any amended complaint must show the federal court has jurisdiction, the action is brought in

26  the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a

27  request for particular relief. Plaintiff must identify as a defendant only persons who personally

28  participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v.

Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

   1. Plaintiff has stated a cognizable Fourth Amendment claim against defendants for their search of plaintiff's vehicle on January 26 and March 29, 2021.

   2. Plaintiff's other claims are dismissed with leave to amend.

   3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his first amended complaint.  If plaintiff chooses to proceed on his

cognizable claims in the first amended complaint, he shall voluntarily dismiss his other claims.

4. Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: February 9, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/weat0133.FAC LTA or proceed

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARELL MARTIN WEATHERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID MCDONALD, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-0133 DB P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_	Plaintiff wants to proceed immediately on his Fourth Amendment claim against defendants for the searches of his vehicle on January 26 and March 29, 2021.  Plaintiff understands that by going forward without amending the first amended complaint he is voluntarily dismissing all other claims.


\_\_\_\_\_	Plaintiff wants to amend the first amended complaint.


DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff Larell Martin Weathers, Pro Se

9