UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARELL MARTIN WEATHERS, | No.  2:23-cv-00133 SCR |
| Plaintiff, | |
| v. | ORDER |
| DAVID MCDONALD, et al., | |
| Defendants. | |

On November 14, 2025, defendants filed a motion for summary for judgement (ECF No. 20) that plaintiff failed to timely oppose.  On December 17, 2025, the undersigned issued an order to show cause directing plaintiff to file, within 21 days, a response to defendants' motion that complies with Federal Rule of Civil Procedure 56 and Local Rule 260.  ECF No. 22.  Plaintiff then filed a short, unverified response in which he lists five material facts that purportedly establish genuine disputes.  ECF No. 23.  Plaintiff subsequently filed a request for the court to grant him pro per status while he is housed at Sacramento County Jail.  ECF No. 24.  He alleges that he is facing delays due to limited access to the jail's law library.  Id.

The undersigned sua sponte grants plaintiff an additional thirty (30) days to respond to defendants' motion for summary judgment.  Plaintiff is advised that the "unsworn factual allegations" in his response are not evidence that can be used to counter a summary-judgment motion.  Coverdell v. Dep't of Soc. & Health Servs., State of Wash., 834 F.2d 758, 762 (9th Cir.

1

1987).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing precisely to materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, or other materials.  Fed. R. Civ. P. 56(c)(1)(A); see also Local Rule 260(b).  Plaintiff is further instructed to carefully review the Rand notice attached to defendants' motion for summary judgment.  See ECF No. 20-7.

Finally, the undersigned appears to lack lacks jurisdiction to order Sacramento County Jail officials to grant plaintiff "pro per" or any other priority legal user status.  This is a case against City of Sacramento officers, not Sacramento County Sheriff's Office deputies.  The Sacramento County Sheriff's Office is apparently not otherwise involved in this case.  Under these circumstances, the court in this action does not have power to order the Jail to take any particular action.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.1985) (as amended) (noting that a federal district court "may not attempt to determine the rights of persons not before the court").  Moreover, plaintiff's unverified request does not indicate whether he has requested priority status, or whether that request has been denied.  The additional thirty days to oppose defendants' motion will give plaintiff an opportunity to make that request if he has not already.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff is granted an additional thirty (30) days from the date of service of this order to submit a response to defendants' motion for summary judgment that complies with Federal Rule of Civil Procedure 56 and Local Rule 260;

2.    Defendants may file an optional reply within fourteen (14) days after the filing of plaintiff's opposition, see Local Rule 230(*l*); and

////

////

////

////

////

2

3.      Pursuant to Local Rule 230(*l*), the hearing on defendants' motion for summary judgment set for April 23, 2026, at 10:00 a.m., is VACATED.  Defendants' motion will be submitted without oral argument.  If the undersigned determines that oral argument is needed, it will be scheduled at a later date.

DATED: January 20, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3